# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TARZ D. MITCHELL,

    Plaintiff,

vs.

HOWARD SKOLNIK, et al.

    Defendants.

Case No. 2:09-CV-02377-KJD-(PAL)

**ORDER**

    Before the court is plaintiff's civil rights complaint pursuant.  The court has reviewed it, and the court will serve it upon defendants for a response.

    When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983).  In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff.  Russell v. Landrieu, 621 F.2d 1037, 1039 (9th Cir. 1980).  Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

1         Plaintiff alleges that he is Falasha, which is a sect of Judaism. He claims that prison officials have denied his requests to be provided kosher meals; they require that he provide recognition from an outside Jewish organization that he actually is a conservative or orthodox Jew. Plaintiff also claims that prison officials then retaliated against him when he complained about the denial. Plaintiff's allegations, if true, state claims of violations of the Constitution of the United States and of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc et seq.

        Plaintiff has submitted a motion for an order to show cause (#2) and a motion seeking immediate relief, order to show cause, for a preliminary injunction and a temporary restraining order (#4, #5, #6). The earlier motion (#2) is superseded by the later motion. The court has already denied the motion for a temporary restraining order. The remaining two motions will be served upon defendants.

        IT IS THEREFORE ORDERED that the clerk of the court file the complaint.

        IT IS FURTHER ORDERED that plaintiff's motion for an order to show cause (#2) is **DENIED** as moot.

        IT IS FURTHER ORDERED that the clerk shall add Catherine Cortez Masto, Attorney General for the State of Nevada, as counsel for defendants.

        IT IS FURTHER ORDERED that the clerk shall send electronically serve defendants with a copy of this order, the complaint, the motion for an order to show cause (#4), and the motion for a preliminary injunction (#5). The Attorney General shall advise the court within twenty (20) days from the date that this order is entered whether service of process for the named defendants is accepted. If the Attorney General accepts service of process for any of the defendants, such defendant(s) shall file and serve an answer or other response to the complaint within thirty (30) days of the date of the notice of acceptance of service. If service cannot be accepted for any of the named defendants, then plaintiff will need to file a motion identifying the unserved defendant(s), requesting the issuance of a summons, and specifying a full name and address for said defendant(s). Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days from the date that this order is entered.

IT IS FURTHER ORDERED that if the Attorney General accepts service of process for any of the defendants, such defendant(s) shall file and serve responses to the motion for an order to show cause (#4) and the motion for a preliminary injunction (#5) in accordance with LR 7-2.

IT IS FURTHER ORDERED that henceforth, plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants.  The court may disregard any paper received by a district judge or magistrate judge which has not been filed with the clerk, and any paper received by a district judge, magistrate judge or the clerk which fails to include a certificate of service.

DATED: June 28, 2010

_____
KENT J. DAWSON
United States District Judge