# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

TARZ MITCHELL,

     Plaintiff,

v.

HOWARD SKOLNIK, et al.,

     Defendants.

Case No. 2:09-CV-02377-KJD-GWF

**ORDER**

     Currently pending before the Court is Plaintiff's Motion for Preliminary Injunction and Order to Show Cause (##4, 5).  Defendants filed a Response (#14), to which Plaintiff filed a Reply (#16). Subsequently, Defendant filed an Amended Opposition. (#30).  Also pending before the Court is Defendant's Motion to Dismiss (#13).  Plaintiff filed a Response (#18), to which Defendants filed a Reply (#21).  Subsequently, Defendants filed an Amended Motion to Dismiss (#24), to which Plaintiff filed a Response (#31).  To date, Defendants have not filed a Reply.

     On May 20, 2010, the Court denied Plaintiff's Motion for a Temporary Restraining Order (see #7), upon finding that Plaintiff had failed to show a likelihood of success on the merits of his claim, and had failed to attach a statement regarding any efforts to provide notice to Defendants as required under Fed. R. Civ. P. 65.  Subsequently, Defendants filed their first Motion to Dismiss (#13), and Response (#14) to Plaintiff's Motion seeking injunctive relief.  Notably, on September

17, 2010, Defendants filed a Motion to Withdraw (#19) requesting the withdrawal of relevant portions of their Motion to Dismiss and Opposition to Plaintiff's Motion for injunctive relief. The Motion to Withdraw stated that the Department of Corrections sought time in which to conduct research and inquiry into the lawfulness of its process for deciding inmate requests for kosher meals as a religious dietary accommodation. (#19 at 2.)  Additionally, the Motion to Withdraw requested that any admission that may have indicated that NDOC would provide Plaintiff with kosher meals pending the outcome of this litigation be withdrawn.[1]  On November 8, 2010, the Court issued an Order (#23), granting Defendants' Motion to Withdraw in part, and staying a ruling on the Motions to Dismiss and for Preliminary Injunction, pending full briefing on the issues.  Additionally, the Order granted Defendants an extension of time in which to file an amended motion to dismiss and/or response to Plaintiff's Motion seeking injunctive relief, and noting that failure to file amended pleadings would result in termination of the Court's stay, and resolution of the pending matters as they were then pled.  Defendants subsequently filed an Amended Motion to Dismiss (#24) and Amended Response (#25) to Plaintiff's Motion for Preliminary Injunction.[2]  Subsequently, Plaintiff filed a Motion for Extension of Time (#27), Response in Opposition to Defendants' Amended Motion to Dismiss (#31), a second Motion for Preliminary Injunction (#29), and a Motion for Emergency Telephonic Hearing (#28).  Defendants filed a Response to Plaintiff's Second Motion for Preliminary Injunction (#33), to which Plaintiff filed a Reply (#35).  The Court has considered all of the pending Motions, their Responses and Replies, and issues a joint ruling on all fully-briefed Motions herein.

Plaintiff Tarz Mitchell, an inmate at Southern Desert Correctional Center ("CCDC") filed his Complaint (#9), on June 28, 2010, alleging five claims for relief under 42 U.S.C. § 1983, for

---

[1]In its initial Motion to Dismiss, counsel for NDOC had stated that injunctive relief was unnecessary, as NDOC would provide Plaintiff with Kosher meals.

[2]Because Defendants' Amended Motion to Dismiss (#24) supercedes their initial Motion to Dismiss (#13), the initial Motion to Dismiss (#13) is denied as moot.

violations of his rights under the First Amendment and Equal Protection Clause, Religious Land Use and Institutionalized Person Act ("RLUIPA"), and for retaliation resulting from his filing of prison grievances. Specifically, the Complaint avers that Defendants violated Plaintiff's religious rights by denying him Kosher meals because his Jewish faith was not verified by an outside entity. The second cause of action alleges that Defendants violated Plaintiff's First Amendment rights to petition the government for redress as Defendants retaliated against the Plaintiff for filing grievances. Allegedly, the retaliation was the failure of Defendants to announce Jewish services at Nevada State Prison, and the confiscation of religious headwear by Black Jewish inmates. The third claim for relief alleges that Defendant Correctional Officer Verdova violated Plaintiff's religious rights pursuant to the First Amendment, RLUIPA, and Equal Protection via the Fourteenth Amendment, and participated in a conspiracy under 42 USC § 1986, by calling him a "Nigger Jew."

The fourth cause of action alleges that Defendants Culinary Manager King and Chaplin Taylor violated Plaintiff's religious rights pursuant to the First Amendment, RLUIPA, and Equal Protection via the Fourteenth Amendment and participated in a conspiracy under 42 USC §1986 when King allegedly threatened to transfer Black Jews if they continued to file grievances, and when Taylor and King permitted other inmates to read the grievances of Black Jews. The fifth cause of action alleges that Defendants Director Skolnik, Deputy Director Cox, Deputy Director Helling, Warden Smith, Warden Williams, and Warden Baca violated Plaintiff's religious rights pursuant to the First Amendment, RLUIPA, and Equal Protection clause of the Fourteenth Amendment, and participated in a conspiracy under 42 USC § 1986, by denying him Kosher meals because he is Black.

Plaintiff's first Motion for Injunctive Relief (#5) seeks that NDOC cease all racial discrimination against Black Jews, that SDCC cease using the threat of force on Black Jews because of their requests for Kosher meals, injunctive relief barring SDCC from throwing Black Jews "in the hole" and forcing them to choose between work and programs, and that NDOC end the policy requiring outside verification of one's religion prior to receiving Kosher meals. Additionally,

1   Plaintiff seeks that the Court order NDOC to cease all non-consensual transfers of inmates requesting

2   Kosher meals, and that $25 be placed into his inmate account daily to cover Kosher meal costs.

3          Plaintiff's second Motion for Injunctive Relief (#29) avers that Plaintiff has been retaliated

4   against by NDOC officials for filing his current action, and that NDOC officials are attempting to

5   "cover up on-going constitutional violations against Plaintiff and Black Jews." (#29 at 2.)   Plaintiff

6   alleges that he is unable to use the grievance process in the NDOC "for fear of being punished." (Id.)

7   The Motion seeks that the Court order (1) Defendants to cease any disciplinary proceedings against

8   Plaintiff for his use of the grievance process, (2) that Plaintiff no longer be required to use the NDOC

9   Prison grievance system for exhaustion purposes, and (3) that Defendants cease subjecting prisoners

10  to disciplinary actions for appealing grievance denials.  (See #29).

11         Defendants' pending Amended Motion to Dismiss seeks that the Court dismiss Plaintiff's

12  Complaint because Defendant (1) failed to exhaust his administrative remedies, and because (2) the

13  Complaint fails to state a claim upon which relief can be granted.  Plaintiff, in opposition, sets forth

14  compelling arguments averring that he has exhausted his administrative remedies, and that his claims

15  under RLUIPA are not moot.  To date, Defendants have not filed a Reply.[3]  Because the Motion to

16  Dismiss and its Opposition raise compelling arguments regarding the exhaustion of administrative

17  remedies, and the application of RLUIPA to claims against individuals, the Court will not rule on the

18  Motion, as the arguments have not yet been fully briefed.  Accordingly, Defendants shall file a reply

19  to Plaintiff's Opposition on or before March 21, 2011.

20  **II. Standard of Law for Injunctive Relief**

21         The basis for injunctive relief in the federal courts is irreparable injury and the inadequacy of

22  legal remedies.  See Weinberger v. Romero-Barcello, 456 U.S. 305, 312 (1982).  In each case, the

23  Court must balance the competing claims of injury and must consider the effect on each party of the

24  _____

25  [3]That Defendants have not yet filed a reply is not an indication of untimeliness, as Plaintiff has filed for an
    extension of time in which to file his Response that is still pending before the Court.  (See #27).  The Court grants

26  Plaintiff's Motion for Extension of Time herein, and requests Defendants to file their Reply on or before March 25, 2010.

granting or withholding of the requested relief.  All courts agree that the plaintiff must satisfy the general equitable requirements by showing a significant threat of irreparable injury and that the legal remedies are inadequate.  See Arcamuzi v. Cont'l Airlines, Inc., 819 F.2d 935, 937 (9th Cir. 1987). The traditional test focuses on whether the plaintiff has demonstrated a fair chance of success on the merits at the minimum, a significant threat of irreparable injury, at least a minimal tip in the balance of hardships, and whether any public interest favors granting the injunction.  See American Motorcycle Ass'n v. Watt, 714 F.2d 962, 965 (9th Cir. 1983).  An alternative test permits the plaintiff to meet its burden by showing either a combination of probable success on the merits and the possibility of irreparable injury or serious questions as to these matters and the balance of hardships tips sharply in plaintiff's favor.  See First Brands Corp. v. Fred Meyer, Inc., 809 F.2d 1378 (9th Cir. 1987).  These are not separate tests but the outer reaches of a single continuum.  See L.A. Mem'l Coliseum Comm'n v. NFL, 634 F.2d 1197, 1201 (9th Cir. 1980.)

Additionally, the Prison Litigation Reform Act ("PLRA") provides that injunctive relief in any civil action regarding prison conditions must be "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."  The PLRA also requires that the court "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief. . . . ."  18 U.S.C. § 3626(a)(2).

**III. Analysis**

Plaintiff has failed to demonstrate a likelihood of success on the merits sufficient to warrant the injunctive relief he requests.  Defendants provide Affidavit testimony that NDOC is currently in the process of amending its Administrative Regulations and practices to accommodate the religious dietary needs of inmates, and that Plaintiff will not suffer irreparable harm because "he will be receiving Kosher meals" under the new dietary program, and that he "will receive a kosher meal until NDOC implements the new meal plan."  (#25 Ex. C.)

1    Additionally, Plaintiff has failed to demonstrate a likelihood of success on the merits of his

2    claims regarding the grievance process.  Plaintiff cannot demonstrate that he is barred from

3    participation in NDOC's grievance procedures at this time, and thus he may file grievances as set

4    forth under the administrative guidelines.  Accordingly, Plaintiff cannot demonstrate irreparable

5    harm in relation to the filing of meritorious grievances, nor does the balance of hardships or public

6    interest favor injunctive relief.  Plaintiff seeks that he be exempt from the grievance exhaustion

7    requirement of the PLRA.  On numerous occasions, this Court has upheld the necessity of requiring

8    inmates to exhaust the NDOC grievance process prior to seeking a civil remedy in federal court.

9    While cognizant of an inmate's right to seek civil remedies in this forum, Johnson v. Avery, 393 U.S.

10   483 (1969), the Court finds that the public interest is best served by requiring all inmates to adhere to

11   the administrative guidelines that have been established through federal and state legislative

12   processes.

13        The relief Plaintiff seeks here is intrusive and overly-broad.  "Prison administration is . . . a

14   task that has been committed to the responsibility of [the executive and legislative branches of

15   government], and separation of powers concerns counsel a policy of judicial restraint."  Turner v.

16   Safley, 482 U.S. 78 (1987)(citing Procunier v. Martinez, 416 U.S. 396 (974).  "Where a state penal

17   system is involved, federal courts have, as we indicated in Martinez, additional reason to accord

18   deference to the appropriate prison authorities.  Id.  Accordingly, the Court finds that Plaintiff should

19   not be allowed to circumvent the requirements of the PLRA, and thus, that his Motions seeking

20   injunctive relief should be denied.

21   **IV. Conclusion**

22        For the reasons set forth herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion to

23   Extend Time is **GRANTED** , nunc pro tunc.

24        **IT IS FURTHER ORDERED** that Plaintiff's Motion for Emergency Telephonic Hearing

25

26   (#28) is **DENIED**.

1  **IT IS FURTHER ORDERED** that Plaintiff's Motion for Order to Show Cause (#4) and

2  Motion for Preliminary Injunction (#5) are **DENIED**.

3  **IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction (#29) is

4  **DENIED**.

5  **IT IS FURTHER ORDERED** that Defendants' first Motion to Dismiss (#13) is **DENIED**

6  as moot, per the filing of Defendants' Amended Motion to Dismiss (#24).

7  **IT IS FURTHER ORDERED** that Defendants shall have up to and including March 21,

8  2011, to file a reply in response to Plaintiff's Opposition (#31).

9  DATED this 9th day of March 2011.

10

11  _____

12  Kent J. Dawson
    United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

7