# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| TARZ MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:09-cv-02377-KJD-GWF |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| HOWARD SKOLNIK, *et al*., | ) | |
| | ) | Plaintiff's Motion to Compel |
| Defendants. | ) | Address of Defendant Shaw (#46) |
| | ) | |

      This matter comes before the Court on Plaintiff's Motion to Compel the Address of Defendant William Shaw (#46), filed on August 30, 2011, and Defendant's Opposition to Plaintiff's Motion to Compel the Address of Defendant William Shaw (#48), filed on September 9, 2011.

      The Complaint in this case was filed on June 28, 2010. On July 19, 2010, the Attorney General accepted service on behalf of several Defendants, but specifically noted that it did not accept service on behalf of Defendant Shaw because of their inability to accurately identify Defendant Shaw. (*See* #10.) Pursuant to the Court's Order (#8), Plaintiff was instructed that "if service cannot be accepted for any of the named defendants, then plaintiff will need to file a motion identifying the unserved defendant(s), requesting the issuance of a summons, and specifying a full name and address for said defendant(s)." On July 26, 2010, Plaintiff claims he filed a motion with the Court; however, the document filed was captioned, "Notice of Specific Details Identifying Defendant William Shaw for the Purposes of Acceptance of Service." (*See* # 46.) In this document, Plaintiff failed to identify Defendant Shaw's address, but provided additional information in an attempt to accurately identify Defendant Shaw for the purposes of service. No action was ever taken in response to Plaintiff's Notice (#11), and the issue of service on Defendant Shaw appears to

have gotten lost among the numerous filings in this case. On November 22, 2010, Defendants filed a Motion to Dismiss (#24), and on August 11, 2011, the Court entered an Order (#43), granting in part and denying in part, Defendant's Motion to Dismiss (#24). At least one claim against Defendant Shaw survived the Motion to Dismiss. (*See* #43, pg 6.) On August 24, 2011, Defendants filed their Answer (#44) to Plaintiff's Complaint.

Plaintiff now brings this motion requesting the Court to compel the address of Defendant William Shaw, compel Defendants to accept service for Defendants Shaw, or alternatively order Defendants to submit Defendant Shaw's address to the Court for the purposes of service. Defendants object to this request, arguing that it is untimely because the 120 days allowed for service has expired.

Considering the totality of the circumstances, and affording the Plaintiff the benefit of the doubt, the Court will grant Plaintiff's motion. *See United States v. Eatinger*, 902 F.2d 1383, 1385 (9th Cir. 1990) (instructing the Court to construe pro se pleadings more liberally). Pursuant to Rule 4(m), service must be accomplished within 120 days after the complaint is filed. The Court however may extend time for service if good cause exists for the failure to effect service within the prescribed time. Fed. R. Civ. P. 4(m). Shortly after the Attorney General notified the Court that it could not accept service on Defendant Shaw, Plaintiff filed a document providing additional information to identify Defendant Shaw in compliance with the Court's Order (#8). Because the document was captioned as a notice and not as a motion, neither the Court nor Defendants took action on this document. In light of this inadvertence, the Court finds good cause to extend the time for service of Defendant Shaw.

In the present motion, Plaintiff failed to identify Defendant William Shaw's address for the purposes of service; however, Plaintiff's prior Notice (#11), identified Defendant Shaw's place of employment and periods of employment. Based on this information, the Court instructs Defendants to attempt to identify Defendant William Shaw and provide his last known address to the Court for the purposes of perfecting service upon him. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel the Address of Defendant William Shaw (#46) is **granted**.

**IT IS FURTHER ORDERED** that Defendants shall attempt to identify Defendant William Shaw based on the information provided. If Defendants identify William Shaw, Defendants must provide his last known address to the Court for the purposes of service. Upon the Court receiving the address of Defendant Shaw, the U.S. Marshals shall attempt service on him. If the Defendants are unable to accurately identify Defendant Shaw, Defendants shall to provide a status report to the Court no later than **October 14, 2011**, indicating such.

DATED this 27th day of September, 2011.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge